## JOHN A. MERRIAM *vs.* JONATHAN BACON.

A. and B. mortgaged their land to C. to secure a note made by A. payable to C. or his order: C. assigned the mortgage and note to D. but did not indorse the note; and A. had notice of the assignment: D. brought an action on the note, in the name of C., against A., and B. afterwards paid the amount of the note to C. and took his receipt. *Held*, that this payment, though made by B. in good faith, and without actual notice of the assignment, could not avail A. as a defence, whether it was made at his request or without his request; and that D. was entitled to judgment, in C.'s name, on the note.

ASSUMPSIT by the payee against the maker of a negotiable note dated January 24th 1837. Defence, payment.

At the trial, the defendant offered in evidence a copy of a mortgage deed, bearing the same date with that of the note, made by himself and Frederic Bacon to the plaintiff, conveying to him a tract of land, upon condition that if the defendant or said Frederic should pay to the plaintiff or his heirs, &c., $600 in one year, with interest, then said deed and note should be void; also a receipt dated June 23d 1840, signed by the plaintiff, acknowledging that he had received the amount of the note from said Frederic. The plaintiff objected to the admission of this evidence, and offered to show that, before he gave the said receipt, he had assigned all his interest in the note, by mesne

conveyances, to Robert W. Edwards, and that the defendant had notice of said assignment, and knew that the note was held, and that this suit was prosecuted by said Edwards, when the receipt was made. This objection was overruled, and the aforesaid papers, offered in evidence by the defendant, were read to the jury.

The plaintiff then offered in evidence, an assignment of said mortgage and note, made by him to Robert Edwards, March 18th 1839; an assignment by said Edwards to Rufus Litchfield, April 10th 1839 ; and an assignment by said Litchfield to Robert W. Edwards, dated January 1840 ; all which assignments were duly executed and acknowledged, and were recorded April 28th 1840. The note, however, was assigned without being indorsed by the plaintiff.

W. Sawyer, a witness called by the plaintiff, testified that the note was left with him for collection by Robert W. Edwards ; that he wrote a letter to the defendant " on the subject of the note," and received a letter from him in reply ; that the defendant called on him, a few days afterwards, and said he was not then prepared to pay the note, but would pay it soon,—mentioning a time after the last day of service for the next term of the court of common pleas : That the witness informed the defendant that he could not wait for payment till the time mentioned, as he was instructed to put the note in suit if it was not paid before the last day of service ; whereupon the defendant said, " if Edwards keeps quiet, he will get his money ; but if he sues it, I will keep him out of it as long as I can. I have as much money to spend as Edwards has."

It was admitted that Frederic Bacon was son of the defendant, and resided in Boston, and that the defendant resided in Bedford.

The presiding judge proposed to instruct the jury that upon these facts, the plaintiff ought to recover. Thereupon the case was taken from the jury, under an agreement that the court might decide it upon the foregoing facts, making all inferences which a jury might legally make from the evidence.

*Hopkinson,* for the plaintiff.

*Wentworth,* for the defendant.

SHAW, C. J.  The note had been assigned by the payee, with notice to the promisor, the present defendant, long before the alleged payment by Frederic Bacon, now relied upon ; a payment therefore by the promisor himself, to the original payee, would have been a payment in his own wrong : The question is, whether he can avail himself of a payment, made by Frederic Bacon, his son, not a party to the note, but a co-mortgagor, in a mortgage given to secure it.  This question is to be considered on the ground that the payment was actually made by Frederic Bacon to the original payee, in good faith, and without actual notice of the assignment.  If such payment was made at the actual request of his father, then he acted in behalf of the father, and as his agent, and must be affected with notice of any thing which would affect the father ; or, to state the proposition a little differently, the present defendant cannot avail himself of a payment made at his actual request by another person, which he could not have availed himself of, had he made the payment personally.

But the only plausible ground on which to distinguish a payment made by the son, from one made by the father, is, that Frederic was independently liable for the debt, by having pledged his estate for the payment ; and therefore payment of the debt of the principal, under a legal liability, was a request in law, as in case of payment by a surety or co-obligor, which rendered it a payment for the principal.  Let us examine this ground.  Not being a co-promisor, or personal surety, his only liability was that of a mortgagor.  He was a mortgagor after condition broken, and his only title was a right to redeem.  But a mortgage in fee is a conveyance of real estate ; it is in its nature assignable and transferable ;  and by a legal assignment, the fee vests in the assignee ; an estate which cannot be devested by the release of the original mortgagee.  By Rev. Sts. c. 107, § 14, " the person entitled to redeem the estate shall pay to the mortgagee, *or to the person lawfully claiming or holding under him*, the whole sum."  It appears that the alleged payment was made June 23d 1840, and the assignments of the mortgage were recorded April 28th 1840, two months before.  He had therefore full con-

structive notice of the assignment of the mortgage. He was bound only through the mortgage of his real estate ; and of the transfer of real estate, registration of the deed is conclusive evidence of notice. Had he, when he made this payment, inquired for the note, he would have found that the promisee had it not in his possession ; had he inquired for his own original deed, he would in like manner have found that it was not in the possession of the original mortgagee, or if it was, that it had an assignment, duly executed, indorsed upon it. In every point of view, in which it can be considered, we think it was a payment in his own wrong, and if made without the actual request of the defendant, he could not have recovered the amount of him, because it was not made for his use, did not discharge his debt, nor enure to his benefit. We are therefore of opinion, that the defendant cannot avail himself of it, as a payment, in defence of this action.